786 May 20, 2026 No. 447

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN DANIEL WAGES,
*Defendant-Appellant*.

Lane County Circuit Court
22CR19957; A184142

R. Curtis Conover, Judge.

Submitted April 23, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant. Steven Wages filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction, raising three assignments of error related to evidence admitted at his trial. In his first assignment of error, defendant argues that the trial court erroneously admitted hearsay evidence from defendant's preventative detention hearing under the prior testimony hearsay exception. In his second assignment of error, defendant asserts that the trial court failed to redact a portion of the same hearsay evidence. In his third assignment of error, defendant argues that the trial court plainly erred in admitting his prior felony convictions as impeachment evidence. We affirm.

*Prior Testimony Hearsay Exception.* We will uphold the trial court's preliminary factual determinations if any evidence in the record supports them, and we review the trial court's ultimate legal conclusion, as to whether the hearsay statement is admissible under an exception to the hearsay rule, to determine if the trial court made an error of law. *State v. Cunningham*, 337 Or 528, 537-38, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005); OEC 801 - 804 (defining hearsay and explaining the respective exceptions).

At defendant's trial, the trial court admitted prior testimony from defendant's wife, Sanchez, from defendant's preventative detention hearing, under OEC 804(3)(a), the prior testimony hearsay exception. OEC 804(3)(a) provides a hearsay exception for the former testimony of a witness who is unavailable "if the party against whom the testimony is now offered *** had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." "'Motive,' in the context of OEC 804(3)(a), refers to those tactical and strategic considerations that might reasonably influence the direction and extent of counsel's development of the testimony." *State v. Pinnell*, 311 Or 98, 116 n 28, 806 P2d 110 (1991). Defendant asserts that he lacked a similar motive to develop the testimony because there was not a substantial identity of issues between the preventative detention hearing and the trial, and because, according to defendant, the primary issue at the hearing was defendant's dangerousness and the primary issue at trial was self-defense. We disagree.

Defendant never conceded probable cause, making it one of two "necessary" issues at his preventative detention hearing. *State v. Slight*, 301 Or App 237, 249, 456 P3d 366 (2019) (describing probable cause as one of the "two necessary determinations" a magistrate must make at a preventative detention hearing). To that end, Sanchez's testimony—that defendant had a motive to attack his acquaintance and that she saw defendant at the scene of the crime with the weapon used in the assault—helped to establish probable cause of defendant's guilt at his hearing as well as his guilt beyond a reasonable doubt at trial. Those issues were similar enough for defendant to have a similar motive to develop Sanchez's testimony at the preventative detention hearing. *See State v. Douglas*, 310 Or 438, 444-45, 800 P2d 288 (1990) (defendant had a similar motive to cross-examine witnesses at a security release hearing, for the purposes of OEC 804(3)(a), when central issue of guilt was "essentially the same"); *State v. Moen*, 309 Or 45, 84-85, 786 P2d 111 (1990) (concluding that a preliminary hearing to establish probable cause provides a motive to cross-examine witnesses that is similar to the motive at trial).[1]

*Redacting Evidence*. In defendant's second assignment of error, he asserts that the trial court erred by not redacting a portion of the recording of Sanchez's testimony where the prosecutor said that, because Sanchez and defendant were married, he would not ask Sanchez questions about any communications between them. Assuming without deciding that such a failure to redact constitutes an abuse of discretion, *State v. Perez-Martinez*, 348 Or App 420, 433, ___ P3d ___ (2026), we conclude that any error was harmless. *See State v. Ortiz*, 372 Or 658, 671, 554 P3d 796 (2024) (this court may not reverse a conviction based on harmless error). The exchange between the prosecutor and Sanchez, which the jury heard at the beginning of a recording of Sanchez's testimony, was brief and insignificant in light of the entire evidentiary record, and the prosecutor did not reference it during argument at trial. Thus, there is

---

[1] Defendant presents persuasive arguments that the motive, and the focus at his preventative detention hearing, was to secure release rather than fulsomely contest guilt. Because we are bound by *Douglas*, 310 Or at 440, and *Moen*, 309 Or at 47, those arguments are best directed to the Oregon Supreme Court.

"little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003); *see also State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018), *rev den*, 365 Or 502 (2019) (in determining harmlessness of evidentiary error, we "consider how the case was tried and the extent to which the disputed evidence was or was not emphasized by the parties and central to their theories of the case").

*Prior Convictions.* Third, defendant assigns error to the trial court's admission of the names of certain prior felony convictions as impeachment evidence. Defendant contends that the Due Process Clause of the Fourteenth Amendment to the United States Constitution required the trial court to exclude evidence of the names of his convictions. Defendant acknowledges that he did not present that argument to the trial court and requests plain-error review. Defendant, however, concedes that the legal question is not presently beyond dispute. *See State v. Aranda*, 372 Or 363, 383, 383 n 13, 550 P3d 363 (2024) (concluding that due process does not require a trial court to conduct OEC 403 balancing before admitting impeachment evidence of a conviction against a criminal defendant and explicitly leaving open the question of the "precise form of analysis" required to demonstrate a due process violation in such a case). Accordingly, we are unable to consider it on plain-error review. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (for an error to be plain, it must be, among other things, "obvious, not reasonably in dispute").

Affirmed.